[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2009
THOMAS K. KAHN
CLERK

No. 09-11925
Non-Argument Calendar
_____

D. C. Docket No. 04-00042-CR-OC-1OGRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL HILL,
a.k.a. Prat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Samuel Hill, through counsel, appeals the district court's denial of a

sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the

Sentencing Guidelines, and the district court's denial of his post-order motion to reopen § 3582(c)(2) proceedings and motion for reconsideration. On appeal, Hill argues that the district court abused its discretion by denying, sua sponte, a sentence reduction on the basis that he was accountable for 4.5 kilograms of crack cocaine, when he had not filed a § 3582(c)(2) motion and did not have an opportunity to present evidence to the district court regarding the drug amount. After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court's findings of fact are reviewed for clear error. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). We will not remand for clear error unless we have a definite and firm conviction that a mistake has been made. Id. We may affirm a district court's judgment on any ground supported by the record. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

Under the law of the case doctrine, the district court and this Court are "bound by findings of fact and conclusions of law made by the court of appeals in

2

a prior appeal of the same case." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996). Accordingly, a decision may only be challenged at a later time if (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decisions of law applicable to an issue, or (3) the prior decision was clearly erroneous and would create manifest injustice. Id.

A district court has subject matter jurisdiction, under 18 U.S.C. § 3582(c)(2), to reduce a defendant's sentence if his sentencing range has been lowered by a retroactive amendment to the Sentencing Guidelines, "upon motion of the defendant or the Director of the Bureau of Prisons, or on [the court's] own motion." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, 129 S. Ct. 1657 (2009). Before Amendment 706, a base

3

offense level of 38 applied to drug offenses involving at least 1.5 kilograms of crack cocaine. See, e.g., U.S.S.G. § 2D1.1(c)(1) (2000). Now, a base offense level of 38 applies to an offense involving at least 4.5 kilograms of crack cocaine, and a base offense level of 36 applies to an offense involving at least 1.5, but less than 4.5, kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c)(1), (2) (2008). We have held that a defendant who was accountable for at least 4.5 kilograms of crack cocaine was ineligible for § 3582(c)(2) relief because Amendment 706 did not lower his base offense level and, therefore, his guideline range was not reduced. See Jones, 548 F.3d at 1369. Thus, if a defendant is responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guideline range, and he is ineligible for a sentence reduction under § 3582(c)(2). See id.

If a district court is authorized to reduce a sentence pursuant to § 3582(c)(2), it may do so only after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) motion to reduce a sentence does not provide a basis for de novo resentencing. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original

4

sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in the original).

As an initial matter, the district court did not act outside its jurisdiction by denying a sentence reduction. Hill's initial 2008 motion for appointment of counsel was properly, and liberally, construed as a § 3582(c)(2) motion, because it contained arguments as to why Hill should receive a sentence reduction under Amendment 706. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (holding that courts may liberally construe pro se pleadings).

Second, the district court did not clearly err in finding that Hill was accountable for at least 4.5 kilograms of crack cocaine. The sentencing court adopted the factual findings in the PSI, which included a finding that Hill was accountable for "at the minimum . . . approximately 4.5 kilograms" of crack cocaine. The PSI's description of the offense conduct also showed that Hill was responsible for at least 4.5 kilograms of crack cocaine, since it provided that Hill: (1) sold 10.6 grams of crack cocaine to a confidential source; and (2) at a minimum, bought 3.5 grams of crack cocaine twice a week for two years, 113.4 grams of crack cocaine twice a week for two months, and 7 grams of crack cocaine three times a week for two years. These transactions amounted to 4.737 kilograms of crack cocaine. Hill did not object to these factual findings at sentencing, thereby

admitting the findings for the purpose of sentencing. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").

Moreover, we recognized on direct appeal of Hill's original sentence that the district court found that the offenses involved distributing 4.5 kilograms of crack cocaine. See United States v. Hill, 176 F. App'x 22, 25 (11th Cir. 2006) (unpublished). Hill did not object to the drug quantity amount on direct appeal, and even if we had the authority to review this issue again, the law of the case doctrine precludes us from reviewing the finding that Hill was accountable for 4.5 kilograms of crack cocaine. See Stinson, 97 F.3d at 469.

In sum, the district court properly found that Hill was ineligible for a sentence reduction under Amendment 706, because he was responsible for at least 4.5 kilograms of crack cocaine, and his offense level remained 38. See U.S.S.G. § 2D1.1(c)(1); Jones, 548 F.3d at 1369. The court also did not err by not considering the 3553(a) factors because these factors only need to be considered if a defendant is eligible for § 3582 relief, and Hill was not eligible for relief. See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (stating a district court first must discern whether an amendment would lower a guideline range and then consider the § 3553(a) factors to determining whether, and to what extent, to lower a

6

defendant's sentence).  Moreover, the district court could not have resentenced Hill based on the § 3553(a) factors alone because they do not provide an independent basis for reconsideration of his sentence.  See 18 U.S.C. § 3582(c)(2) (only authorizing a court to reduce a sentence where a defendant's original sentencing range has been reduced by the Sentencing Commission).

Likewise, contrary to Hill's suggestion, United States v. Booker, 543 U.S. 220 (2005), did not provide an independent basis for § 3582 relief, and the transition from mandatory to advisory guidelines did not grant the district court jurisdiction to reduce Hill's sentence.  See Jones, 548 F.3d at 1369 (holding that Booker does not provide an independent basis for a sentence reduction); United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009) (holding that Booker does not apply to § 3582(c)(2) motions).

Accordingly, we affirm.

**AFFIRMED.**